Jose L. GORDILS, Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HU-
MAN SERVICES, Defendant,
Appellee.

No. 90-1048.

United States Court of Appeals,
First Circuit.

Submitted May 29, 1990.

Decided Sept. 10, 1990.

Matos Bonet & Vizcarrondo Ortiz, San
Juan, P.R., on brief, for plaintiff, appellant.

Daniel F. Lopez Romo, U.S. Atty., Jose
Vazquez Garcia, Asst. U.S. Atty., Hato
Rey, P.R. and Thomas D. Ramsey, Asst.
Regional Counsel, Dept. of Health and Hu-
man Services, Washington, D.C., on brief,
for defendant, appellee.

Before BREYER, Chief Judge,
CAMPBELL and CYR, Circuit Judges.

PER CURIAM.

Claimant Jose Gordils filed an application
for Social Security disability benefits on

April 24, 1986 alleging disability due to problems with his back and left leg. After a hearing, the Administrative Law Judge (ALJ) found claimant not disabled at step 5 of the sequential evaluation process, 20 C.F.R. § 404.1520(f), on the ground that although claimant had a severe impairment or impairments that precluded his return to his former work as a surveyor's assistant, claimant retained the residual functional capacity to perform light work. Accordingly, the ALJ applied Rule 202.18 of the Medical–Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the grid") to reach a finding of not disabled. The ALJ evaluated claimant's non-exertional impairment, back and left leg pain, and found that it did not significantly affect his ability to perform the full range of jobs requiring light work. After the Appeals Council denied claimant's request for review of the ALJ's decision, claimant appealed to the district court, which affirmed the Secretary. Claimant appeals, contending that the Secretary's decision is not supported by substantial evidence. We affirm.

The only residual functional capacity assessment in the record was submitted by Dr. Hernandez, a consulting physician, who neither examined claimant nor testified at the hearing. Based on his review of the medical evidence, Dr. Hernandez found that, although claimant suffered from a back condition, claimant retained the residual functional capacity to lift twenty pounds and ten pounds frequently, stand, walk, or sit six hours, push and pull only light weight, climb and kneel frequently, and stoop, crouch or crawl occasionally, with no limitations on reaching, handling and fingering and no environmental restrictions. In finding that claimant retained the capacity to perform the full range of light work, the ALJ relied in part on Dr. Hernandez' assessment.

■ Claimant does not dispute that Dr. Hernandez' functional conclusions would support a finding that claimant's exertional impairment did not preclude performance of a full range of light work as defined in 20 C.F.R. § 404.1567(b).[1] Claimant contends, instead, that the report of a non-examining, non-testifying physician cannot by itself constitute substantial evidence. Since there was no other medical assessment of residual functional capacity in the record, and since the ALJ was not qualified to assess residual functional capacity himself based on bare medical findings, claimant argues, there was a lack of substantial evidence to support the ALJ's functional conclusion that claimant's exertional impairment allows him to perform light work.

It is true that in *Browne v. Richardson*, 468 F.2d 1003 (1st Cir.1972), we held, on the facts of that case, that the report of a non-examining, non-testifying physician "cannot be the substantial evidence needed to support a finding." *Id.* at 1006. Our later decisions demonstrate, however, that this is not an absolute rule. *See Tremblay v. Secretary of Health and Human Services*, 676 F.2d 11, 13 (1st Cir.1982). Such an advisory report is entitled to some evidentiary weight, which "will vary with the circumstances, including the nature of the illness and the information provided the expert." *Rodriguez v. Secretary of Health and Human Services*, 647 F.2d 218, 223 (1st Cir.1981).

We need not, however, undertake an analysis of whether the circumstances in this case permitted the Secretary to rely on Dr. Hernandez' report alone to support the finding that claimant's exertional impairment did not preclude him from performing the full range of light work. Contrary to claimant's contention, there was other evidence in the record on which the Secretary

---

**1.** That section defines light work as follows:

(b) *Light work.* Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

could, and did, also rely to reach this functional conclusion.

Dr. Sartori, a consulting neurologist, examined claimant on October 31, 1986 and reported the following findings:

1) No consistent neurological deficit.

2) No clear, objective evidences, at present, to substantiate the diagnosis of an old protracted or new active lumbo-sacral Root Syndrome.

3) Likely, patient has a "weaker back," in general terms.

4) Patient tries to confuse the examiner.

It is true that Dr. Sartori did not submit a residual functional capacity assessment and did not cast his medical findings in functional terms. It is true, too, that we have held—and we reiterate—that since bare medical findings are unintelligible to a lay person in terms of residual functional capacity, the ALJ is not qualified to assess residual functional capacity based on a bare medical record. *Rosado v. Secretary of Health and Human Services*, 807 F.2d 292, 293 (1st Cir.1986); *Berrios v. Secretary of Health and Human Services*, 796 F.2d 574, 576 (1st Cir.1986); *Perez Lugo v. Secretary of Health and Human Services*, 794 F.2d 14, 15 (1st Cir.1986). This principle does not mean, however, that the Secretary is precluded from rendering commonsense judgments about functional capacity based on medical findings, as long as the Secretary does not overstep the bounds of a lay person's competence and render a medical judgment. Obviously, speaking hypothetically, if the only medical findings in the record suggested that a claimant exhibited little in the way of physical impairments, but nowhere in the record did any physician state in functional terms that the claimant had the exertional capacity to meet the requirements of sedentary work, the ALJ would be permitted to reach that functional conclusion himself. By analogy in the instant case, although Dr. Sartori provides no express functional conclusions,

he finds no objective evidence of a disabling back impairment beyond the observation that claimant likely has a "weaker back." We think the Secretary was justified in treating Dr. Sartori's report as evidence for the conclusion that claimant retained the functional capacity to meet the exertional requirements of a full range of sedentary work as defined in 20 C.F.R. § 404.1567(a).[2] Consequently, we conclude that Dr. Hernandez' and Dr. Sartori's reports together constitute substantial evidence to support the Secretary's finding that claimant could perform sedentary work.

We recognize that the ALJ actually concluded that claimant could perform the full range of light, not sedentary, work. We might be hesitant, however, to find that the Secretary could rely on Dr. Sartori's report to support a functional finding that claimant could perform light work. Although we think it permissible for the Secretary as a layman to conclude that a "weaker back" cannot preclude sedentary work, we would be troubled by the same conclusion as to the more physically demanding light work.

■ Moreover, it is not necessary to our affirmance that we find substantial evidence to support a finding that claimant could perform light work. The Secretary found that claimant was not disabled based on section 202.18 of the grid, which involved the subsidiary findings that claimant was below fifty years old, had a limited education, had done semiskilled work, and could perform light work. Claimant does not contest any of these subsidiary findings save the last. If we substitute a capacity to perform sedentary work for light work, the result under the grid is the same. Section 201.19 of the grid would dictate a finding that claimant is not disabled. Accordingly, our conclusion that there is substantial evidence to support a finding that claimant's exertional impair-

---

**2.** That section defines sedentary work as follows:

(a) *Sedentary work.* Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

ment does not preclude performance of the full range of sedentary work is adequate to sustain the Secretary's determination under the grid.

██ Claimant further objects to the Secretary's reliance on Dr. Hernandez' report on the ground that it was submitted on July 1, 1986, before some of the medical examinations in the record were conducted. Thus, Dr. Hernandez did not have the complete medical record before him when he formed his opinion. We agree with claimant that this would be one factor counseling against assigning controlling weight to Dr. Hernandez' functional conclusions standing alone. However, in light of Dr. Sartori's findings, reached over four months later after an examination of claimant, we hold, again, that there was substantial evidence to support the Secretary.

██ Claimant also attacks the Secretary's treatment of claimant's complaints of disabling pain in his back and left leg. We see no merit to claimant's contention that the Secretary failed to follow the analysis required by *Avery v. Secretary of Health and Human Services,* 797 F.2d 19 (1st Cir.1986). The ALJ stated in his decision that claimant's "daily activities are practically intact," and noted "claimant's activities in taking walks, driving occasionally, and the claimant's demeanor." We cannot doubt, therefore, that the ALJ gave due consideration to non-medical evidence relating to claimant's pain. Moreover, this evidence regarding claimant's daily activities and demeanor at the hearing, plus Dr. Sartori's findings of no consistent neurological deficit and no objective evidence of lumbo-sacral root syndrome, constitute substantial evidence to support the finding that claimant's pain, viewed as a non-exertional impairment, did not significantly impair claimant's ability to perform the full range of sedentary work. *See Sherwin v. Secretary of Health and Human Services,* 685 F.2d 1, 3 (1st Cir.1982), *cert. denied,* 461 U.S. 958, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983). We add that, although the ALJ did not mention it, Dr. Sartori's observation that "[p]atient tries to confuse the examiner" provided further support for the ALJ's decision not to credit claimant's subjective complaints of pain.

The judgment of the district court is *affirmed.*