30 F.3d 126
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Pedro Rivera OJEDA, Plaintiff, Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.
 No. 93-2194
 United States Court of Appeals,
First Circuit.
 July 6, 1994.
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Raymond L. Acosta, U.S. District Judge ]
 Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for appellant.
 Guillermo Gil, United States Attorney, Maria Hortensia Rios, Assistant United States Attorney, and Robert J. Triba, Assistant Regional Counsel, Department of Health and Human Services, on brief for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before Boudin, Circuit Judge, Bownes, Senior Circuit Judge, and Stahl, Circuit Judge.
 Per Curiam.
 
 
 1
 Claimant Pedro Rivera Ojeda filed an application for Social Security disability benefits on June 20, 1990, alleging a back condition, severe back pain, and a nervous condition. After a hearing, the ALJ conceded that claimant had a severe back impairment that precluded his return to his former job as a janitor required to do heavy work. The ALJ found, however, that despite claimant's exertional impairments claimant retained the residual functional capacity to perform light work. The ALJ further found that claimant's non-exertional impairments (his pain and mental condition) did not significantly restrict his capacity to perform the full range of jobs requiring light work. Accordingly, the ALJ found claimant not disabled at step 4 of the sequential evaluation process, 20 C.F.R. Sec. 404.1520(e), on the ground that claimant's impairments, although they precluded performing his former janitor job, did not preclude his return to his former type of work as a janitor. This type of work, the ALJ ruled, generally requires no more than light work.
 
 
 2
 After the Appeals Council denied claimant's request for review of the ALJ's decision, claimant appealed to the district court, which affirmed. Claimant appeals, contending that the Secretary's determination is not supported by substantial evidence. We affirm.
 
 
 3
 The objective medical evidence concerning claimant's physical condition can be summarized as follows. Dr. Ruiz, a general practitioner, examined claimant on January 5, 1990, and diagnosed cervical and dorso-lumbar spondlyoarthritis and muscle spasm and left carpal tunnel syndrome. Dr. Vargas, a physiatrist, treated claimant between February and April 1990 and reported moderate to severe muscle spasm, but good muscle tone and no atrophy, and left carpal tunnel syndrome. Dr. Gonzalez Cotto, a neurologist, examined claimant on July 23, 1990, and diagnosed chronic discogenic disease.
 
 
 4
 The record contains substantial evidence to support the ALJ's functional conclusion that claimant, despite these impairments, retains the exertional capacity to perform light work. Dr. Sanchez, a non-examining physician, reviewed the medical evidence in the record and prepared a residual functional capacity assessment form on February 5, 1991, accompanied by brief medical findings. On the form, Dr. Sanchez checked boxes indicating that claimant can lift or carry 20 pounds, 10 pounds frequently, can stand, walk, or sit six hours, and can climb, balance, stoop, kneel, crouch, and crawl occasionally. Dr. Sanchez further found that claimant could not perform repetitive movements in his upper extremities, and was limited in his capacity for gross manipulation by the hands.
 
 
 5
 Another non-examining physician, Dr. Marxuach, reviewed the medical evidence in the record and prepared a residual functional capacity assessment form on August 13, 1990, accompanied by brief medical findings. Dr. Marxuach, like Dr. Sanchez, checked boxes indicating that claimant can lift or carry 20 pounds, 10 pounds frequently, can stand, walk, or sit six hours, and can climb, balance, stoop, kneel, crouch, and crawl occasionally. Dr. Marxuach noted no further limitations.
 
 
 6
 The governing regulations state that light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds [and] requires a good deal of walking or standing." 20 C.F.R. Sec. 404.1567(b). These regulations do not require that a person be able to perform repetitive movements of the upper extremities or gross manipulation of the hands, or be able to climb, balance, stoop, kneel, crouch, and crawl more than occasionally, in order to be able to perform a full range of jobs requiring light work. Thus, both Dr. Sanchez' and Dr. Marxuach's findings support the ALJ's determination that claimant can perform light work.
 
 
 7
 We have held that the amount of weight that can properly be given the conclusions of non-testifying, non-examining physicians "will vary with the circumstances." Berrios Lopez v. Secretary of Health and Human Services, 951 F.2d 427, 431 (1st Cir. 1991) (quoting Rodriguez v. Secretary of Health and Human Services, 647 F.2d 218, 223 (1st Cir. 1981)); Gordils v. Secretary of Health and Human Services, 921 F.2d 327, 328 (1st Cir. 1990 (same). In some cases, written reports submitted by non-testifying, non-examining physicians cannot alone constitute substantial evidence, see Browne v. Richardson, 468 F.2d 1003 (1972), although this is not an absolute rule. Berrios Lopez, supra, 951 F.2d at 431; Gordils, supra, 921 F.2d at 328. This issue has generally arisen in cases where such reports were the primary evidence of a claimant's residual functional capacity, since "the ALJ is not qualified to assess claimant's residual functional capacity based on the bare medical record." Berrios Lopez, supra, 951 F.2d at 430.
 
 
 8
 In this case, however, these residual functional capacity assessments by non-examining physicians are not the only evidence expressed in functional terms that supports the Secretary's conclusion that claimant retains the capacity to perform light work. Dr. Vargas cleared claimant to return to work on April 5, 1990, which suggests that Dr. Vargas believed that claimant could return to his heavy janitor position. At the hearing, furthermore, claimant testified that a doctor had recommended that he walk at least a half mile, and that "the doctors have told me that the maximum that I'd [sic] might be able to try to lift would be fifteen to twenty pounds." This testimony relates a partial residual functional capacity assessment made by examining physicians. Since light work, again, "involves lifting no more than 20 pounds at a time," 20 C.F.R. Sec. 404.1567(b), this partial residual functional capacity assessment bolsters the findings of the non-examining physicians that claimant can perform light work. Based on this evidence we find that the record does contain substantial functional evidence to support the Secretary's conclusion to that effect.
 
 
 9
 A finding that a claimant can perform light work, however, does not necessarily mean that a claimant can perform any particular type of work-such as the janitor work in this case-that requires an exertional capacity to do no more than light work. Janitor work in general may, or may not, require other specific capabilities that claimant may, or may not, possess. Claimant argues that the ALJ, as a layman, was not qualified to reach the vocational conclusion that janitor work in general does not require any capabilities that claimant's impairments deny him. To reach that vocational conclusion, claimant insists, the testimony of a vocational expert, at step 5 of the sequential evaluation process, 20 C.F.R. Sec. 404.1520(f), would be necessary.
 
 
 10
 We need not resolve this question. Even if we were to find that the record lacked substantial vocational evidence for the conclusion at step 4 that claimant could perform his former type of work as a janitor, we would still affirm the Secretary at step 5, without need for the testimony of a vocational expert, by applying the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the grid").
 
 
 11
 The grid is based on a claimant's exertional capacity and can only be applied where claimant's non-exertional limitations do not significantly impair claimant's ability to perform at a given exertional level. Sherwin v. Secretary of Health and Human Services, 685 F.2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 958 (1983). We find substantial evidence in the record to support the Secretary's findings that claimant's non- exertional impairments-back pain and a mental condition-do not significantly impair his ability to perform a full range of light work.
 
 
 12
 In addressing claimant's complaints of back pain, the ALJ expressly followed the analysis required by Avery v. Secretary of Health and Human Services, 797 F.2d 19 (1st Cir. 1986), for evaluating subjective complaints of pain. Based on the medical evidence already mentioned, the ALJ permissibly found that claimant did not suffer from any objective medical condition that would ordinarily be expected to cause disabling pain. As we have noted, Dr. Vargas cleared claimant to return to work in April 1990. The ALJ also stated that his doubts about the severity of claimant's pain were "further corroborated by the claimant's appearance and demeanor at the hearing. The claimant was in no significant physical or emotional distress, and he was able to move about freely. He provided information accurately and related adequately." The ALJ concluded that "claimant possibly has mild occasional discomfort associated to his condition, but he does not have disabling ... distress." The record contains ample evidence to support this finding.
 
 
 13
 As for claimant's mental condition, progress notes of his treatment by the Mental Health Program of the Department of Health stated that he had a somatoform disorder. Although he complained of uneasiness and an inability to sleep, claimant was nevertheless found to be oriented in the three spheres, cooperative, coherent, and relevant, with appropriate affect. Claimant was also reported to be "feeling better with medication." A non-examining psychologist reviewed the record and, in an October 9, 1990, report, found that claimant was suffering from anxiety-related disorders with no severe impairment and with only slight functional limitations. In view of this evidence, we cannot find a lack of substantial evidence to support the Secretary's finding that claimant's mental condition did not significantly affect his ability to perform the full range of jobs that require light work.
 
 
 14
 Given the amply-supported findings that claimant possessed the exertional capacity to perform light work and that his pain and his mental condition did not significantly affect his ability to do so, Rule 202.16 of the grid can properly be applied in this case. That Rule dictates a finding of "not disabled."
 
 
 15
 The judgment of the district court is affirmed.