USCA1 Opinion

 

 May 13, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1034 JAIME MARTINEZ-ROJAS, Plaintiff, Appellant, v. COMMISSIONER OF SOCIAL SECURITY, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Melba N. Rivera-Camacho and Rivera, Requena & Assocs. on brief ________________________ ___________________________ for appellant. Guillermo Gil, United States Attorney, Rosa E. Rodriguez-Velez, _____________ ________________________ Chief, Civil Division, and Wayne G. Lewis, Assistant Regional Counsel, ______________ Social Security Administration, on brief for appellee. ____________________ ____________________ Per Curiam. We have carefully reviewed the ___________ record and conclude that substantial evidence supports the Secretary's determination that claimant was not entitled to social security disability benefits. We have considered all of claimant's arguments and, finding them without merit, affirm the judgment essentially for the reasons stated by the district court. We add only these comments.  Claimant now argues, as he did before the district court, that the record does not support the conclusion that his skin condition does not limit his ability to do his past relevant work because he can use gloves. On the contrary, it was within the province of the Secretary to reach that common-sense conclusion, considering not only the medical findings stated in the dermatologist's letter, but also claimant's own testimony about the intermittent nature of the condition, its alleviation through treatment, his past practice of sometimes wearing gloves while doing maintenance work, his past ability to function many years with the condition (he said he had it since he was 12), and his failure to list the skin condition in his application as a reason why he cannot work. See Gordils v. Secretary of ___ _______ ____________ Health & Human Services, 921 F.2d 327, 329 (1st Cir. 1990).  ________________________ Affirmed. ________ -3-