[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 99-1858

PAULINE NICHOLSON,

Plaintiff, Appellant,

v.

JOHN J. CALLAHAN, ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. David L. Martin, U.S. Magistrate Judge]

Before

Selya, Circuit Judge,
Cyr, Senior Circuit Judge,
and Lipez, Circuit Judge.

David B. Green and Green & Greenberg on brief for appellant.
Margaret E. Curran, United States Attorney, Robin E. Feder,
Assistant United States Attorney, and Nancy B. Salafia,
Assistant Regional Counsel, on brief for appellee.

March 6, 2000

**Per Curiam**. Appellant appeals from the district court's decision affirming the final decision of the Commissioner of Social Security denying disability insurance benefits under the Social Security Act. After carefully reviewing the administrative record and the arguments of the parties, we conclude that substantial evidence supported the denial of benefits, essentially for the reasons given by the district court in its Memorandum and Order dated May 20, 1999 and by the Commissioner in his appellate brief. We make only the following additional comments relative to claims of error not directly addressed by the district court or the Commissioner.[1]

1. Appellant suggests that the administrative law judge (ALJ) had an obligation to consult a medical advisor to determine her onset date of disability, but we disagree. Since the ALJ concluded that claimant was not disabled at any time during the insured period, there was no ambiguity as to the date of onset which needed to be resolved. We are

_____

[1]There is no need to address the question whether the new evidence given to the Appeals Council in support of the petition for review comprises part of the administrative record. Whether or not that evidence is considered, substantial evidence of record supported the denial of benefits.

-2-

also unpersuaded by appellant's suggestion that the ALJ erred in not recontacting her treating physician, Dr. Ralph DiGiacomo, to clarify his opinion that claimant was totally disabled. On this case record, which contains scant objective evidence of disability, we think that the district court reasonably suggested that the doctor based his otherwise unexplained opinion on appellant's subjective complaints of pain. For reasons adequately stated by the district court and Commissioner, the ALJ properly determined that her allegations of pain were not fully creditable.

2. Appellant is right that the functional capacity reports by non-examining consulting physicians, which the ALJ partly relied on in finding her not disabled, were made before Dr. DiGiacomo saw her for hand and low back/leg pain in December 1994 and March 1995. Nonetheless, we conclude that those reports, both of which were supported by citation to medical findings of record, retained considerable reliability. This is especially true of the November 2, 1994 report by Dr. Stankiewicz, which was completed just two months before the alleged onset date of disability. Dr. Stankiewicz reviewed reports by Dr. John Przygoda, which, as appellant herself states, "generally recorded abnormalities consistent with those found by Dr. DiGiacomo" (appellant's

-3-

brief, at page 13).  In particular, Dr. Przygoda noted claimant's arthritis, low back strain, leg cramps and difficulty in bending, although he attributed her bending difficulty to a different cause than did Dr. DiGiacomo. Appellant has not shown -- or made any attempt to show -- that the limitation in lumbar motion which Dr. DiGiacomo observed in March 1995, just before expiration of insured status, constituted a significant impairment necessitating a new functional capacity assessment. In addition, Dr. DiGiacomo's findings relative to claimant's hand condition were compatible with March 1994 findings by treating physician, Dr. Vaughn Gooding, which both consulting physicians considered and noted in their reports.  Although Dr. DiGiacomo found some minor Bouchard's nodes developing in December 1994, his subsequent progress notes never mentioned them again (or any hand pain or other hand problem, for that matter).  Hence, the ALJ would have been justified in giving some weight to the consulting physicians' reports, as he did.  See Manso-Pizarro v. SHHS, 76 F.3d 15, 17 (1st Cir. 1996) (per curiam) (stating that a functional capacity report is not necessary where the medical evidence suggests a "relatively mild physical impairment posing, to the laymen's eye, no significant

-4-

exertional restriction"); <u>Gordils</u> v. <u>SHHS</u>, 921 F.2d 327, 330 (1st Cir. 1990) (per curiam) (concluding that, together with the objective medical evidence, a functional capacity report made before a later physical examination which failed to find objective evidence of disability constituted substantial evidence in support of the denial of benefits).

<u>The decision of the district court is affirmed.</u>