**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1296

MARILYN SILVA-VALENTIN,

Plaintiff, Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Justo Arenas, U.S. Magistrate Judge]

Before

Boudin, Chief Judge,
Lynch and Howard, Circuit Judges.

Melba N. Rivera-Camacho and Melba N. Rivera Camacho & Assoc. on brief for appellant.
Robert J. Triba, Regional Chief Counsel, Social Security Administration, H.S. Garcia, United States Attorney, Camille Velez-Rive, Assistant United States Attorney, on brief for appellee.

September 11, 2003

**Per Curiam**. Claimant Marilyn Silva-Valentin appeals from the district court's judgment affirming the denial of Social Security disability benefits. The Commissioner of Social Security, upon reviewing the record, found (1) that claimant retained the capacity for the performance of essentially the full range of medium work, except for having to avoid highly stressful activities and the use of her hands for fine manipulations, and (2) that claimant's mental impairment and her complaints of disabling pain nonetheless did not impose significant nonexertional limitations on her capacity for such work. The Commissioner therefore used the Medical Vocational Guidelines (the "Grid"), 20 C.F.R. Part 404, Subpart P, App. 2, as a framework, to conclude that claimant was not disabled. We affirm the district court's judgment for essentially the reasons stated by the magistrate judge in his Opinion and Order. We add only the following comments.

1. <u>Claimant's Allegations of Disabling Pain</u>. Given the dearth of any medical findings regarding, or any treatment for, claimant's hand, back, or neck conditions, during the relevant time period -- February 5, 1998 through December 31, 1999 -- the decision of the administrative law judge (ALJ) not to fully credit claimant's complaints of disabling pain is well-supported in the record. As we have stated, "[i]n determining the weight to be given to allegations of pain . . . complaints of pain need not be precisely corroborated by objective findings, but they must be

-2-

consistent with medical findings." Dupuis v. Secretary of Health and Human Services, 869 F.2d 622, 623 (1st Cir. 1989) (per curiam) (emphasis added). In other words, there must be some evidence to support the claimant's complaints, and there is very little here. See id.

2. Claimant's Treating Physician's Opinion of Disability. On appeal, claimant argues that the ALJ should have credited the opinion of Dr. Reyes, claimant's treating psychiatrist, that her depression was completely disabling. Social Security Ruling 96-2p, Giving Controlling Weight to Treating Source Medical Opinions, 1996 WL 374188, outlines the process to be used to determine the weight to be given to the opinions of treating physicians. To be controlling, among other things, the opinion must "not [be] inconsistent with the other substantial evidence in the case record." Id. at *1.

We first note that, during the relevant time, Dr. Reyes reported that claimant's judgment was logical and her intellectual functioning was fair. Further, Dr. Reyes's opinion of a disabling condition is inconsistent with the other evidence in the record, particularly the examination of claimant by Dr. Tejeda and the RFC assessment completed by the non-examining physician. See Gordils v. Secretary of Health and Human Services, 921 F.2d 327, 329 (1st Cir. 1990) (per curiam) (the opinion of an examining consultant and

a non-examining physician who completed an RFC assessment can constitute "substantial evidence").

Both of these other reports essentially indicated that, at most, claimant had moderate difficulties in concentrating, but that, at a minimum, her thought processes were intact, and she retained the ability to engage in simple work. Combined with Dr. Reyes's own observation that claimant's intellectual functioning was fair, it would be difficult to say that the ALJ erred in not giving controlling weight to the opinion of Dr. Reyes that claimant was disabled. As we have stated, conflicts in the evidence are for the Commissioner, not the courts. See Rodriguez v. Secretary of Health and Human Services, 647 F.2d 218, 222 (1st Cir. 1981).

3. The Use of the Grid. Claimant finally argues, in a very conclusory manner, that, due to her nonexertional limitations, reliance on the Grid was prohibited; rather, she maintains, the testimony of a vocational expert was required. In relation to claimant's pain, and as noted above, the record supports the ALJ's conclusion that claimant's complaints were not credible as to the severity and disabling nature of the pain. Thus, there also is substantial evidence in the record to support the ALJ's decision that the pain was not a significant nonexertional limitation.

As for claimant's mental impairment, although the question is closer, we nonetheless think that the use of the Grid was appropriate in this case. In particular, claimant here has

-4-

essentially the same profile as the claimant in Ortiz v. Secretary of Health and Human Services, 890 F.2d 520 (1st Cir. 1989), where we affirmed the use of the Grid.  The only difference is that claimant, in the case at hand, was rated as being moderately limited in accepting supervision and in coping with changes in the work place.

In relation to the latter restriction, however, the RFC evaluator specified, in the comment section of the RFC assessment form, that claimant could respond to "minimal changes" in the work setting.  Further, both Drs. Reyes and Tejeda opined that claimant was cooperative, an indication that although she was rated as having moderate limits in accepting supervision, she certainly was not precluded from coping with having a supervisor.  Finally, and as in Ortiz, "claimant's characteristics did not position [her] near the disabled/not disabled dividing line under the Grid rules." See id. at 527-28; Grid Rule No. 203.29, Table No. 3.

Affirmed.