Luz C. PAGAN–FIGUEROA, Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant.

Civil No. 07–2069 (FAB).

United States District Court, D. Puerto Rico.

June 9, 2009.

Anderson Serrano–Serrano, Manati, PR, for Plaintiff.

Ginette L. Milanes, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Defendant.

## OPINION AND ORDER

BESOSA, District Judge.

On July 3, 2003, plaintiff, Luz C. Pagan–Figueroa, filed for a period of disability or Social Security Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(I) & 423 (2000), claiming an inability to work as of March 10, 2000. (Docket No. 8 ["Tr."] Tr. 16, 53)[1] Plaintiff's application for disability benefits was denied initially and on reconsideration. (Tr. 16) On March 6, 2006, the Administrative Law Judge ("ALJ") determined that plaintiff was not entitled to disability or Disability Insurance Benefits under §§ 416(I) & 423. (Tr. 25) On September 14, 2007, the Appeals Council denied review of the ALJ's decision (Tr. 4), rendering it the final determination of the Commissioner of Social Security.

On November 8, 2007, plaintiff sought review pursuant to section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), of the final determination rendered by the Cómmissioner denying plaintiff her disability insurance benefits. (Docket No. 1) Both parties filed memoranda in support of their respective positions. (Docket Nos. 11, 13) Magistrate Judge Marcos E. Lopez issued a Report and Recommendation ("R & R") on October 15, 2008, in which he determined that the ALJ's decision should be affirmed because it was substantially supported by evidence in the record. (Docket No. 14)

1. Social Security Transcript of Proceedings Before the Bureau of Hearings and Appeals.

On October 28, 2008, plaintiff objected to the magistrate judge's R & R. (Docket No. 15) First, plaintiff specifically objects to the magistrate judge's finding that her impairment failed to equal an "affective disorder" medically. *See* 20 C.F.R. pt. 404, subpt. P, App. 1 § 12.04 ("listing 12.04"). Second, plaintiff argues that an ability to perform daily activities does not preclude a finding of disability. Third, plaintiff also objects to the finding that she has the ability to return to her past relevant work as a laundry attendant. The Court has made an independent examination of the record in this case and **ADOPTS** the magistrate judge's findings and recommendations as its opinion.

## FACTUAL BACKGROUND

Plaintiff was born on June 2, 1952. (Tr. 53) She has a ninth grade education and worked as a mixer at a juice company from 1990 to 1996 and as a laundry attendant from 1997 to 2000. (Tr. 16) Plaintiff alleges that she has not worked since March 10, 2000, because of her disability, which includes an emotional condition, bilateral carpal tunnel syndrome, a lumbo-sacral condition and hypertension. (Tr. 16, 53)

From April 2002 until April 2004, plaintiff was treated at the Northern Physical Therapy and Rehabilitation Clinic. Examinations revealed "diffuse circumferential bulging of L5–S1 disc without compromise of the thecal sac or nerve root." (Tr. 177) Doctors also found "straightening most probably secondary to muscle spasm. Marginal degenerative osteophytes changes [were] noted more pronounced T12, L1, L2." (Tr. 182) The doctor also found "mild to moderate bilateral carpal tunnel syndrome," and prescribed pain medication to be combined with physical therapy. (Tr. 186–87)

From October 2002 to May 2003, plaintiff received medical treatment at the Atlantic Medical Center and the Barceloneta Health Family Center, complaining of blurred vision, swelling of the legs and face, and depression. (Tr. 198–215) Tests indicated straightening of the lumber spine, osteophytic spurring, and degenerative disc changes. (Tr. 217) After being diagnosed with high blood pressure and minimal edema of the lower extremities, plaintiff was prescribed Captopril and Naproxen, and advised to minimize dietary salt intake. (Tr. 201, 207, 212)

On August 22, 2003, Dr. Gustavo V. Ruiz–Santiago ("Dr. Ruiz"), plaintiff's treating psychiatrist, completed an evaluation. (Tr. 221) He found plaintiff to be "logical, coherent, and relevant," and noted that she had "good contact with reality." (Tr. 227) Dr. Ruiz determined that plaintiff had good judgement, but that her tolerance of frustration, ability to follow detailed instructions for prolonged periods, ability to respond appropriately to changes in environment, and ability to be punctual were poor. (Tr. 228) Plaintiff was diagnosed with "major moderate recurrent depressive disorder" with a guarded prognosis and prescribed Zoloft, Pamelor, and Tranxene. (*Id.*) Plaintiff's Global Assessment of Functioning ("GAF") score was 60 out of 100. (Tr. 242; Docket No. 13, p. 6 n. 3)

When Dr. Melvyn Acosta Ruiz ("Dr. Acosta") examined plaintiff on September 19, 2003, he found plaintiff free of depression and anxiety, noting adequate concentration and memory. (Tr. 244) Dr. Acosta reported mild hypertension, chronic lower back pain syndrome, a herniated disc at level L5–S1, and bilateral carpal tunnel syndrome. (Tr. 245)

On October 24, 2003, Dr. Madeline Santos Carlo's ("Dr. Santos") psychiatric evaluation of the plaintiff described her as "oriented in person, place and time." (Tr. 261) Dr. Santos also found plaintiff had

poor memory and concentration, concluding that plaintiff's emotional and physical limitations interfered with functioning. (Tr. 261–62) Plaintiff's GAF score was 40 out of 100. (Tr. 262; Docket No. 11, p. 12) Plaintiff was diagnosed with "major depression." (Tr. 261)

On November 14, 2003, Dr. Lorena Diaz–Trancon administered a Physical Residual Functional Capacity ("RFC") Assessment and determined that plaintiff could lift fifty pounds occasionally, twenty-five pounds frequently, and had the ability to "sit, stand, and/or walk (with normal breaks) for a total of about 6 hours in an 8–hour workday." (Tr. 135–36)

On January 20, 2004, Dr. Orlando Reboredo ("Dr. Reboredo") completed a Psychiatric Review Technique Form and a Mental RFC Assessment, concluding that plaintiff was subject only to moderate limitations, was able to "make simple work-related decisions," and could "respond appropriately to changes in the work setting." (Tr. 155, 159–60) Dr. Reboredo concluded that plaintiff suffered from a mood disturbance accompanied by a depressive syndrome characterized by psychomotor agitation, decreased energy, feelings of guilt or worthlessness, and difficulty concentrating or thinking. (Tr. 148) Dr. Reboredo specifically determined that plaintiff's symptoms did not meet the 'B' or 'C' criteria of the "affective disorder" in listing 12.04. (Tr. 155–56) On January 30, 2004, Dr. Carlos M. Jusino–Berrios ("Dr. Jusino") agreed with Dr. Reboredo's Mental RFC Assessment. (Tr. 164)

On September 10, 2005, Dr. Ruiz completed an updated evaluation, concluding that plaintiff's severe depression had not improved, and diagnosing her with "recurrent severe major depressive disorder with psychotic features." (Tr. 269–71) Plaintiff was prescribed a variety of medications to treat pain and depression.

## STANDARDS OF REVIEW

### I. Findings of Fact by an ALJ in a Social Security Case

The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). Evidence is substantial when a reasonable person could find it sufficient to support the decision. *See* 20 C.F.R. § 405.5 (2009); *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*citing Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts. *See Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir.1981). The determination must be upheld upon a finding of substantial evidence even if the Court would have decided differently. *Lizotte v. Sec'y of HHS*, 654 F.2d 127, 128 (1st Cir.1981).

### II. Magistrate Judge's Report and Recommendation

A district court may refer pending dispositive motions to a magistrate judge for an R & R. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); L.Civ.R. 72(a). Any party may file written objections to the R & R within ten days of being served with the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1). The party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Id.*; *see also Sylva v. Culebra Dive Shop*, 389 F.Supp.2d 189, 191–92

(D.P.R.2005) (*citing United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule waives a party's right to review in the district court. *See Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir. 1992); *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985); *Alamo Rodriguez v. Pfizer Pharms., Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). In conducting its review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

### I. Establishing Entitlement to Benefits

Plaintiff bears the burden of proving that she became disabled within the meaning of the Act in order establish entitlement to benefits. *See, e.g., Bowen v. Yuckert,* 482 U.S. 137, 146 & n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). Her complaints cannot provide the basis of entitlement when they are not supported by medical evidence. *Avery v. Sec'y of HHS,* 797 F.2d 19, 20–21 (1st Cir.1986). She may be considered disabled within the meaning of the Act only if she is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. *See* 42 U.S.C. §§ 416(i)(1) & 423(d)(1). Plaintiff's impairment must be so severe as to prevent her from working, not only in her usual occupation, but in any other substantial gainful work considering her age, education, training, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment alone cannot suffice for an award of disability insurance benefits; the impairment must also be preclude plaintiff from engaging in any substantial gainful

activity. *See, e.g., McDonald v. Sec'y of HHS,* 795 F.2d 1118, 1120 (1st Cir.1986).

### II. Plaintiff's Objections to the Report and Recommendation

Plaintiff alleges that the magistrate judge made three errors in his R & R upholding the decision of the ALJ that she was not entitled to benefits. First, plaintiff argues that the magistrate judge erred when he found the ALJ's decision that plaintiff failed to meet the 'B' or 'C' criteria in listing 12.04 supported by substantial evidence. Second, plaintiff alleges that even if the ALJ correctly found plaintiff capable of performing daily activities, she might still be disabled within the meaning of the Act. Third, plaintiff argues that the magistrate judge erred in upholding the ALJ's determination that plaintiff had the residual capacity to return to her past work as a laundry attendant. The Court finds all three objections without merit.

### i. First Alleged Error

■ In the R & R addressing plaintiff's claim for review of the ALJ's decision, the magistrate judge determined that there was substantial evidence in the record that plaintiff's medical problems were not the equivalent of the "affective disorder" in listing 12.04. Plaintiff argues that the magistrate judge erred in finding that substantial evidence supported the ALJ's decision because the ALJ allegedly ignored the findings of her treating physician, Dr. Ruiz, and an evaluation by a psychiatrist of the State Agency, Dr. Santos, in favor of the evaluation of a non-examining physician, Dr. Reboredo. Plaintiff argues that Dr. Reboredo's opinion cannot override the opinions of her treating psychiatrist, Dr. Ruiz, that were later corroborated. This position is incorrect, however, because the ALJ can give less weight to the opinion of a treating physician if he has good cause to

do so. *See Carrasco v. Comm'r of Soc. Sec.*, 528 F.Supp.2d 17, 25 (D.P.R.2007); *cf. Arroyo v. Sec'y of HHS*, 932 F.2d 82, 89 (1st Cir.1991) ("The ALJ was not required to accept the conclusions of claimant's treating physicians on the ultimate issue of disability.") Plaintiff fails to address the magistrates's finding that the ALJ had good cause to weigh the opinion of Dr. Reboredo more heavily than that of Dr. Ruiz.

■ Although the weight of a non-examining physician's evaluation will vary based on the circumstances, an ALJ may weigh a non-examining physician's medical opinion more heavily than that of a treating doctor where the non-examining physician's opinion is supported by a review of most of the medical record, a number of subsidiary medical findings, and corroboration by another physician. *Berrios Lopez v. Sec'y of HHS*, 951 F.2d 427, 431 (1st Cir.1991); *see also Gordils v. Sec'y of HHS*, 921 F.2d 327, 328–29 (1st Cir.1990) (finding substantial evidence when considering RFC assessment of non-examining physician together with non-contradicting report of examining doctor). In this case, Dr. Reboredo reviewed all of the medical evidence and made a number of subsidiary medical findings based on the specific characteristics of an affective disorder. His medical opinion was later corroborated by Dr. Jusino. Contrary to plaintiff's assertions, Dr. Santos did not directly contradict Dr. Reboredo because Dr. Santos's evaluation failed to address the affective disorder requirements specifically. The evaluation by Dr. Acosta, an examining physician, which found no depression and adequate concentration and memory, further supports Dr. Reboredo's conclusions. Some reports may have been conflicting; the ALJ is responsible, however, for resolving these conflicts. *Rodriguez v. Sec'y of HHS*, 647 F.2d at 222. A reasonable person could have found adequate evidence that plaintiff's disability was not sufficiently severe as to medically equal the "affective disorder." The Court, therefore, rejects plaintiff's first alleged error.

### ii. Second Alleged Error

■ Although not formally included as a separate objection, plaintiff argues in passing that an ability to perform daily activities does not preclude a finding of disability. The Court shall address this objection in the interest of completeness. The ALJ did not conclude merely that plaintiff could perform "light household chores." (Docket No. 15, p. 5) The ALJ concluded that plaintiff could perform unskilled, medium work for the majority of a workday and was functional from a mental standpoint. (Tr. 24) The physical and mental capacity of the plaintiff was specifically found to match the capability required for work as a laundry attendant. This level of functioning goes beyond the ability needed to perform basic daily activities. Therefore, the Court rejects plaintiff's second alleged error.

### iii. Third Alleged Error

■ Plaintiff next alleges that the magistrate judge erred in concluding that she had the residual capacity to return to her past work as a laundry attendant because the record did not provide substantial evidence for this conclusion. Plaintiff argues that the ALJ failed to make specific findings as to her residual capacity and the demands of her past work. She also alleges that the ALJ rejected evidence about her mental impairments in making its conclusions. In contrast with these allegations, the ALJ made specific factual findings as to plaintiffs physical and mental capacity and the requirements of her past work. These findings were supported by substantial evidence.

# 212

Contrary to plaintiff's objection, the ALJ did not "simply conclude, without rationale," that plaintiff could perform her past work. (Docket No. 15, p. 7.) The ALJ made detailed findings as to the responsibilities of the past work, as required. *See Schnorr v. Bowen,* 816 F.2d 578, 581 (11th Cir.1987). The ALJ determined that plaintiff's job entailed lifting and carrying a maximum of fifty pounds, standing and walking around during an eight-hour workday, and reaching above shoulder level. (Tr. 23) The physical RFC results indicated that plaintiff was subject only to moderate limitations and had the ability to perform unskilled, medium work activities during a regular work schedule. (Tr. 136, 155)

Plaintiff's mental limitations, as noted in the record, were not dismissed; differing expert medical opinions were evaluated and weighed accordingly. The ALJ determined that plaintiff had the mental capacity to return to her past work as a laundry attendant because she could "understand, remember and execute simple instructions, ... sustain pace and attention, and ... perform her duties without special supervision." (Tr. 23) The evaluations of Dr. Reboredo, Dr. Jusino, and Dr. Acosta constituted substantial evidence for these conclusions. As addressed above, the ALJ had reason to weigh the opinion of Dr. Reboredo more heavily than that of Dr. Ruiz. The ALJ relied on evidence in the record that a "reasonable mind might accept as adequate to support [its] conclusion[s]." *Richardson v. Perales,* 402 U.S. at 401, 91 S.Ct. 1420 (*quoting Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Accordingly the Court rejects plaintiff's third alleged error.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation. The Commissioner of Social Security's final decision was supported by substantial evidence and is therefore affirmed.

**IT IS SO ORDERED.**