UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Alison Marie Clymer

    v.                                                   Civil No. 15-cv-27-JD
                                                     Opinion No. 2015 DNH 162
Carolyn W. Colvin, Acting Commissioner


O R D E R


Alison Marie Clymer seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the decision of the Acting Commissioner of the Social Security Administration, denying her application for social security disability insurance benefits. In support, Clymer argues that the Administrative Law Judge ("ALJ") erred in giving little weight to the medical opinions in the record and in assessing her residual functional capacity without a medical opinion to support it. The Acting Commissioner moves to affirm, arguing that the ALJ properly evaluated the medical opinions and that substantial evidence supports the ALJ's residual functional capacity assessment.


Standard of Review

In reviewing the final decision of the Acting Commissioner in a social security case, the court "is limited to determining whether the ALJ deployed the proper legal standards and found

facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001).  The court defers to the ALJ's factual findings as long as they are supported by substantial evidence.  § 405(g).  "Substantial evidence is more than a scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Astralis Condo. Ass'n v. Sec'y Dep't of Housing & Urban Dev., 620 F.3d 62, 66 (1st Cir. 2010).

## Discussion

The administrative record documents that Clymer complained of and was treated for back pain starting in 2011.  The back pain caused her to stop working as a nursing assistant in January of 2012.  The ALJ found that Clymer had severe impairments due to lumbar facet syndrome, insomnia, interstitial cystitis, and adjustment disorder with depressed and anxious mood.

The two medical opinions in the record, the opinions of Dr. Doane and Dr. Nicholas, assessed Clymer with very limited functional capacity, less than sedentary work ability.  The ALJ gave those opinions little weight because he concluded that they were not consistent with the treatment notes and other evidence

2

in the record.  Contrary to those opinions, the ALJ found that Clymer retained the residual functional capacity to do sedentary work with some postural and environmental limitations and with a limitation to routine tasks without detailed instructions or a pace requirement.

Clymer argues that the ALJ improperly assessed a residual functional capacity without any supporting medical opinions.  As a lay person, an ALJ is "not qualified to interpret raw medical data in functional terms."  Nguyen, 172 F.3d at 35; Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 17 (1st Cir. 1996).  For that reason, an expert generally is necessary to provide a functional capacity assessment based on medical data.  Manso-Pizarro, 76 F.3d at 17.

 Nevertheless, an ALJ can "render[] common-sense judgments about functional capacity based on medical findings, as long as the [ALJ] does not overstep the bounds of a lay person's competence and render a medical judgment."  Gordils v. Sec'y of Health & Human Servs., 921 F.2d 327, 329 (1st Cir. 1990).  The exception for a common-sense finding without a physician's assessment, however, applies only when the medical findings in the record show "relatively little physical impairment."  Manso-Pizarro, 76 F.3d at 17.  Medical findings or opinions showing more than a little physical impairment combined with an absence

of contrary findings and opinions preclude an ALJ's common-sense assessment. See Graves v. U.S. Social Security, Acting Comm'r, 2015 WL 4162578, at *5 (D.N.H. July 9, 2015); McLaughlin v. Colvin, 2015 WL 3549063, at *5-*6 (D.N.H. June 8, 2015); Lucier v. Colvin, 2015 WL 1867888, at *5 (D.N.H. Apr. 23, 2015). Similarly, while an ALJ may assess functional capacity based on the findings of more than one medical source, the assessment still must be based on some medical findings and opinions. See Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1987); Perry v. Astrue, 2014 WL 4965910, at *6 (D. Mass. Sept. 30, 2014); Frotten v. Colvin, 2014 WL 4659309, at *4 (D.N.H. Sept. 17, 2014).

In this case, the only medical opinions in the record limited Clymer to less than sedentary work. Therefore, this is not a case where the ALJ combined opinions from more than one medical source to assess functional capacity.

Instead, the ALJ found inconsistencies between the medical opinions and some of the information in Clymer's medical records. For that reason, the ALJ did not give the medical opinions weight and, instead, assessed Clymer's residual functional capacity himself from his own interpretation of the medical record and Clymer's reports about her activities. Given the medical opinions in the record and the lack of medical

4

findings to support the ALJ's functional capacity assessment, the ALJ overstepped the bounds of his lay competence.  As a result, substantial evidence is lacking in the record to support the ALJ's decision.

## Conclusion

For the foregoing reasons, the claimant's motion to reverse and remand (document no. 9) is granted.  The Acting Commissioner's motion to affirm (document no. 10) is denied.

The decision of the Acting Commissioner is reversed, and the case is remanded pursuant to sentence four of § 405(g).

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

August 24, 2015

cc:  Laurie Alice Smith, Esq.
     D. Lance Tillinghast, Esq.
     Robert J. Rabuck, Esq.

5