**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 09-1291

MARCELINA SOTO-CEDEÑO,

Plaintiff, Appellant,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté,  U.S. District Judge]

Before

Lynch, Chief Judge,
Boudin and Stahl, Circuit Judges.

Pedro G. Cruz Sánchez on brief for appellant.
Matthew J. Del Mastro, Special Assistant U.S. Attorney and
Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for
appellee.

June 29, 2010

**Per Curiam**.  Marcelina Soto-Cedeño (Soto) appeals from a district court judgment upholding an administrative law judge (ALJ) decision that denied her application for Social Security disability benefits.  We vacate the judgment in part and direct the district court to remand to the ALJ for reconsideration of one issue.

I.  Background

Soto applied for disability benefits, alleging a disability onset date of May 19, 2001.  She premised her claim of disability on several conditions, including high blood pressure, kidney disease, depression, and hand, back and hip pain.  Her last insured date was December 31, 2006.

On December 15, 2005, a disability hearing was held, at which Soto and a vocational expert (VE) testified.  In a decision dated March 7, 2006, the ALJ denied disability benefits at step 5 of the sequential evaluation process.  Relying on the VE's testimony, he concluded that, despite her limitations, Soto could perform three unskilled sedentary jobs--parking lot attendant/cashier, fantasy jewelry production line worker, and office photocopy worker.  The Appeals Council denied review, rendering the ALJ's decision the final agency decision.

Soto then sought judicial review.  On January 23, 2009, the district court issued a judgment affirming the agency's decision.  Soto appealed.

On appeal, our review "is limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1991) (per curiam) (citation omitted). An "ALJ's findings of fact are conclusive when supported by substantial evidence, . . . but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Id. (citations omitted).

Soto raises two appellate claims, one of which is meritorious.

II. Discussion

A. Treating Source Opinion

The ALJ rejected the opinion of Soto's treating psychiatrist, Dr. Hector Rivera, that her depression had imposed marked or extreme limitations on her ability to perform the mental demands of work. Instead, he essentially accepted the assessments by consulting examining psychiatrists that her depression had imposed only mild or moderate limitations on her. The VE's testimony indicated that if Soto had the marked limitations Dr. Rivera perceived, she would have "difficulty" performing the jobs he had identified on a sustained basis.

Soto contends that the ALJ did not give good reasons for rejecting Dr. Rivera's medical opinion, citing 20 CFR § 404.1527(d)(2). That regulation states that the agency will give

-3-

treating source opinions "on the nature and severity" of a claimant's impairment "controlling weight" if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence" in the case. It also provides that the agency will "always give good reasons" for the weight it gives a treating source opinion. Id.

The ALJ rejected Dr. Rivera's opinion in part because no supporting treatment notes were attached to his November 20, 2004 report and RFC assessment. He also thought that Dr. Rivera's opinion as of December 2, 2005 was inconsistent with "the remaining medical record" and with statements by Soto.

We agree with Soto that the absence of treatment notes does not justify the rejection of Dr. Rivera's opinion. Dr. Rivera's November 20, 2004 report explained the basis for his opinion. In particular, the doctor described his observations of Soto and the results of specific memory tests he had administered to her at her most recent appointment on October 26, 2004. He used the tests that were recommended on the agency report form he filled out, and the consulting psychiatrists, whose opinions the ALJ credited, had used similar tests, relying as well on their observations of Soto.

Accordingly, the absence of treatment notes alone did not show that Dr. Rivera's opinion was not "well-supported by medically

acceptable clinical and laboratory diagnostic techniques" (if that is what the ALJ meant to suggest). In any event, the parties agree that medical sources are not required to attach their treatment notes to their reports to the agency. And an agency regulation indicates that if the ALJ deemed Dr. Rivera's report to be "inadequate," he should obtain additional information "first" by recontacting Dr. Rivera. 20 CFR § 404.1512(e)(1).

Nor do we think that Dr. Rivera's medical opinion as of December 2, 2005 can reasonably be characterized as "inconsistent" with the other medical evidence of record. The consulting psychiatrists and Dr. Rivera evaluated Soto's condition as of different time periods. One consultant examined Soto on March 20, 2003, the other on November 18, 2003, and their opinions obviously related to her functioning at that time. In contrast, Dr. Rivera's November 20, 2004 RFC assessment indicated that it was a "current evaluation," and referred to his accompanying report, which had recorded his observations and testing of Soto on October 26, 2004. In that report, Dr. Rivera also noted that Soto's condition had deteriorated progressively. In his December 2, 2005 report, Dr. Rivera used present tense verb forms in describing Soto's limitations and again noted her "sustained deterioration." There is no conflicting medical evidence or opinion in the record for the time period encompassed by Dr. Rivera's reports.

To sum the above up, while the consulting psychiatrists' reports may well be substantial evidence that supports the ALJ's determination that Soto was not disabled in 2003, they do not conflict with, or undermine, Dr. Rivera's opinion relative to later time periods.

We also find no inconsistency between Dr. Rivera's assessment and statements by Soto. Contrary to what the ALJ apparently concluded, Soto reported only that her family doctor and nephrologist had advised her against taking prescription pain medications because they could worsen her kidney condition. She did not say that Dr. Rivera or her other doctors had advised her not to take her prescription psychiatric medications. And, on December 10, 2003, Soto told a consulting examining physician that she got "poor relief" from her psychiatric medications, which is consistent with Dr. Rivera's report that she had not responded to treatment with drugs.

Soto's description of her daily activities did not undermine Dr. Rivera's assessment either. Just as in March 2003, Soto stated at the hearing in December 2005 that she watched TV. Her ability to watch TV does not show her ability to perform the mental tasks necessary for work. Moreover, Soto's statement in March 2003 that her husband would not let her cook because she left the stove on is consistent with Dr. Rivera's comments on her memory

deficits, inattentiveness, and inability to concentrate on tasks at hand due to her depression.

Soto's remaining statements from March 2003 were outdated by the time the ALJ rendered his decision. On November 18, 2003, Soto had told a consulting examining psychologist that she did not help with household duties, engage in social activities, or visit with others, and Dr. Rivera gave similar reports for subsequent years. He said that Soto's pain kept her from performing household tasks, that she got confused and could not develop a work plan, and that she rejected visitors and conversations.

In short, the ALJ did not give supportable reasons for rejecting Dr. Rivera's opinion as to Soto's ability to function in the workplace for the time frame the doctor had evaluated. We therefore vacate the district court's judgment insofar as it upheld this portion of the ALJ's decision, and we direct the court to remand to the ALJ for further proceedings consistent with our opinion. See Johnson v. Astrue, 597 F.3d 409, 411 (1st Cir. 2010) (per curiam) (remanding under similar circumstances).

B.  Physical Impairments

Soto's second appellate claim is that the ALJ ignored evidence about her various physical limitations and substituted his judgment for that of medical professionals. After careful review of the record and the ALJ's decision, however, we conclude that the substantial evidence of record supported most of the ALJ's

conclusions.  We are somewhat troubled by the ALJ's treatment of Soto's left-wrist condition and her claims of hand pain.  But the only argument that Soto presents on that score is unpersuasive.

Soto argues that, due to her hand impairments, she lacks bilateral manual dexterity.  She seems to maintain that her limitation so eroded the range of unskilled sedentary work she could perform that she should have been found to be disabled.  She cites Heggarty v. Sullivan, 947 F.2d 990 (1st Cir. 1991), a case involving a claimant with a significant limitation in bilateral manual dexterity, in which the ALJ had relied on the Grids as a framework for finding the claimant not to be disabled.  We vacated the district court's judgment, directing the court to remand to the ALJ for further proceedings because the ALJ had not consulted a vocational expert before denying disability benefits.  Id. at 996.

Here, however, the ALJ did consult a VE, a fact that Soto does not discuss.  Furthermore, the government argues that the ALJ's hypothetical to the VE adequately accounted for Soto's hand/wrist condition, and that the VE's testimony therefore supported the denial of benefits.  Soto has not filed a reply brief responding to that argument.  If there was error in how the ALJ proceeded, then, she has waived the defect.  Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009) (courts may deem unraised claims of error to be waived); Wall v. Astrue, 561 F.3d 1048, 1065 (10th Cir. 2009) (courts may treat inadequately developed claims of error as

-8-

waived); cf. Mills v. Apfel, 244 F.3d 1, 8 (1st Cir. 2001) (objections not presented to the ALJ are waived).

Finally, we note that Soto has given this court a disability decision, in which a different ALJ found her to be disabled based on her depression and bilateral manual dexterity. We decline to consider that decision, which was based on a different record and on a much later onset date of disability.

We vacate the district court's judgment in part and direct the court to remand to the ALJ for further proceedings consistent with this opinion. Otherwise, the judgment of the district court is affirmed.