## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

Mary Ann Rice

    v.

Nancy A. Berryhill,
Acting Commissioner,
Social Security Administration

Case No. 17-cv-169-PB
Opinion No. 2018 DNH 151

### MEMORANDUM AND ORDER

Mary Ann Rice challenges the denial of her claim for Social Security disability insurance (SSDI) benefits and supplemental security income (SSI) under Title II and Title XVI of the Social Security Act.  42 U.S.C. § 423; 42 U.S.C. § 1381a.  Rice argues that the administrative law judge's (ALJ) residual functional capacity (RFC) determination was not supported by substantial evidence because it was based on her lay interpretation of raw medical data and failed to properly consider Rice's subjective pain complaints.  The Acting Commissioner moves for an order affirming the decision.  For the following reasons, I affirm.

## I.    BACKGROUND

### A.    Facts

In accordance with Local Rule 9.1, the parties have submitted a joint statement of stipulated facts.  Doc. 12.

Because that joint statement is part of the court's record, I only briefly discuss the facts here. I discuss further facts relevant to the disposition of this matter as necessary below.

Rice was a 57 year-old woman on January 24, 2014, her alleged onset date. Administrative Record (AR) 73. She formerly worked as a "coding/billing clerk," a "data entry clerk," and a fast food "crew member."

Rice spent the majority of her career working at the Dartmouth Hitchcock Medical Center as a billing clerk, data entry clerk, and medical coding clerk. AR 56. She left that job voluntarily and, after a period of unemployment, ended up as a McDonald's crew member. AR 46, 56. She stopped working at McDonald's in January 2014 because of weakness in her back and knees that made it impossible to stand for her entire shift and lift the heavy weight required. AR 46. Worsening back and knee problems reduced her ability to remain physically active to the point where she gained a significant amount of weight and became obese. AR 43, 46-47.

B. **Procedural History**

Rice filed claims for both SSDI and SSI on February 4, 2014. AR 73, 84. The Social Security Administration denied her claims on July 16, 2014. AR 96, 97, 101, 104. On July 22,

2014, she requested a hearing before an ALJ.  AR 107.

The ALJ conducted the hearing on September 1, 2015.  AR 39. The ALJ denied Rice's claims for SSDI and SSI in a written decision on January 21, 2016.  AR 32.  In doing so, she applied the five-step analysis required by 20 C.F.R. § 404.1520 (for SSDI claims) and 20 C.F.R. § 416.920 (for SSI claims).  At step one, the ALJ determined that Rice had not engaged in substantial gainful activity since her alleged onset date of January 24, 2014.  AR 23.  At step two, the ALJ determined that Rice had the following severe impairments: "degenerative disc disease, degenerative joint disease, and obesity."  AR 23.  At step three, the ALJ determined that Rice did not have any of the impairments listed in 20 C.F.R., Subpart P, Appendix 1, which would render her disabled per se.  AR 25.  At step four, the ALJ determined that Rice's RFC allowed her to:

> lift and carry less than ten pounds occasionally and frequently[;]
>
> stand and walk for two hours and sit six hours of an eight-   hour day[;]
>
> never climb ladders, ropes[,] or scaffolds[;]
>
> occasionally climb stairs and ramps, balance, stoop, kneel,   crouch, and crawl[;]
>
> avoid concentrated exposure to extreme heat and cold, vibrations, fumes, odors, dusts, gases[,] and pulmonary irritants[;]

3

never work with hazards, such as moving mechanical parts and unprotected heights[;]

requires a sit/stand option that permits her to change positions at will, but any time off task would not exceed normal break times[; and] . . .

only occasionally reach overhead with both arms.

AR 25-26.  The ALJ determined that, in light of this RFC, Rice could return to her past relevant work as a "data entry clerk and coding/billing clerk."  AR 31.  Therefore, the ALJ found that Rice was not disabled and denied her claims for both SSDI and SSI.  AR 31-32.

Rice petitioned the Appeals Council to review the ALJ's decision, but she filed after the deadline, and the Appeals Council denied her request for review.  AR 6.  Rice filed a complaint for judicial review on June 26, 2017.[1]  Doc. 1.

## II.  <u>STANDARD OF REVIEW</u>

I am authorized under 42 U.S.C. § 405(g) to review the pleadings submitted by the parties and the administrative record and enter a judgment affirming, modifying, or reversing the

---

[1] Rice's complaint only specifically requests "disability benefits" under 42 U.S.C. § 405(g), the statute for SSDI.  But, because Rice seeks review of the ALJ's decision, which also denied her SSI benefits, I construe the complaint as also addressing the denial of SSI, under 42 U.S.C. § 1383(c)(3).

4

"final decision" of the Commissioner.[2]  That review is limited, however, "to determining whether the [ALJ] used the proper legal standards and found facts [based] upon the proper quantum of evidence."  Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000).  I defer to the ALJ's findings of fact, as long as those findings are supported by substantial evidence.  Id.  Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion."  Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam) (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)).

If the ALJ's factual findings are supported by substantial evidence, they are conclusive, even where the record "arguably could support a different conclusion."  Irlanda Ortiz, 955 F.2d at 770.  If, however, the ALJ "ignor[ed] evidence, misappl[ied] the law, or judg[ed] matters entrusted to experts," her findings are not conclusive.  Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam).  The ALJ determines issues of credibility and draws inferences from evidence in the record.  Irlanda

---

[2] Title 42 U.S.C. § 1383(c)(3) authorizes me to review the denial of SSI under the same standard as 42 U.S.C. § 405(g).

Ortiz, 955 F.2d at 769.  The ALJ, and not the court, must resolve conflicts in the evidence.  Id.

### III.  ANALYSIS

Rice argues that the ALJ erred by interpreting raw medical data without the aid of expert medical opinions and ignoring Rice's subjective pain complaints when determining her RFC. Doc. 10-1 at 4, 8.

**A.    Lay Interpretation of Raw Medical Data**

On June 3, 2014, Dr. Hugh Fairley evaluated Rice's medical records, but did not perform an examination of Rice herself.  AR 73.  He noted that she had "severe, bilateral degenerative arthritis [in her] knees", as well as "sciatica, diabetes, asthma," and "obesity."  AR 80-81.  He opined that her RFC permitted her to sit for up to six hours of an eight-hour workday and occasionally stoop, among other things.  AR 80.

On November 14, 2014, Dr. Robert Bassett evaluated Rice. AR 237-242.  He stated that Rice had pain, stiffness, and weakness in her knees because osteoarthritis had worn away the cartilage in both knees.  AR 237.  He noted, however, that she had received cortisone injections in her knees, which caused her pain to "markedly improve[]."  AR 237.  He listed her symptoms

6

as "pain and stiffness [in her] knees, weakness, [and] easy fatigue." AR 237. Dr. Bassett opined that Rice could sit for only four hours a day, see AR 239, and could not stoop or crouch at all. AR 241.

On July 6, 2015, Physician Assistant Patrick Evans evaluated Rice. AR 561. He wrote that she has back pain, osteoarthritis, knee pain, and an injury to her rotator cuff, but that these issues have been somewhat successfully treated with physical therapy and injections. AR 561. He opined that she could only sit for 30 minutes at a time and stand for ten minutes at a time, and both sit and stand for less than two hours in a workday. AR 558. He also noted that she could only reach for five percent of the day with her right arm and 20 percent of the day with her left arm. AR 560. He noted that she could crouch for five percent of the day and never stoop. AR 560.

The ALJ considered all of these opinions, as well as Rice's medical records, when determining her RFC. AR 29-30. The ALJ, however, stated that "the more restrictive limitations assessed by Dr. Bassett and Mr. Evans are not supported by the evidence of record and therefore, overall, I have given these opinions less weight than [Dr. Fairley]." AR 30. The ALJ specifically

noted several pieces of evidence that contradicted Bassett's and Evans' opinions. This included "abnormal imaging studies of claimant's shoulder and lumbar spine" and "physical therapy and office notes." AR 29. The ALJ also supported her RFC determination by noting that Rice's "treatment, including injections and physical therapy," significantly improved her symptoms and functions. AR 29.

Thus, even though Dr. Bassett and Physician Assistant Evans opined that Rice could only sit for 2 hours a day, never stoop, and reach overhead only 5 percent of the time with her right arm and 20 percent of the time with her left, the ALJ rejected these limitations and adopted Dr. Fairley's opinion, finding that she could sit for six hours a day, occasionally stoop, and occasionally (30 percent of the time) reach overhead.[3] AR 25–26.

Rice argues the ALJ's RFC is not supported by substantial evidence because the ALJ evaluated "raw medical data" without the aid of medical expert opinion, Doc. 10-1 at 4, and because

---

[3] These differences between the ALJ's RFC and Dr. Bassett's and Mr. Evans' opinions are significant. See Nguyen, 172 F.3d at 36 ("The inability to remain seated may constitute an exertional impairment which significantly erodes the occupational base for sedentary work and requires use of additional vocational resources." (citing Rose v. Shalala, 34 F.3d 13, 19 (1st Cir. 1994)).

the ALJ ignored the opinions of her treating sources, Dr. Bassett and Physician Assistant Evans, Id. at 7.

### 1. Raw Medical Data

Although the ALJ relied on Dr. Fairley's expert medical opinion to interpret the medical evidence submitted up to that point, the record also includes raw medical evidence that was submitted after Dr. Fairley evaluated Rice. Because the ALJ rejected the opinions of the other medical experts who reviewed Rice's records after Dr. Fairley, Rice argues, the ALJ must have relied on her own interpretation of the raw medical data that was added to the record after Dr. Fairley completed his review. I reject this argument because the ALJ was entitled to rely on Dr. Fairley's evaluation, given that the subsequent medical evidence did not reveal a significant change in her condition.

An ALJ must evaluate all of the medical evidence in the record when determining a claimant's RFC. Nguyen, 172 F.3d at 35 (a hearing officer cannot "ignore medical evidence"). Furthermore, an ALJ is a lay person when it comes to medical evidence, and so cannot translate "raw medical data" into a functional limitation without the aid of a medical expert. Id. at 35. Where a medical expert issues an opinion after having examined some, but not all, of the medical records, "[a]n ALJ is

entitled to accord substantial weight to [the] RFC opinion if the treatment notes postdating the medical source's assessment are available to the ALJ and document the same complaints of pain and clinical findings." Chabot v. Social Security Administration, 2014 DNH 067, *13. Furthermore, the ALJ is not "precluded from rendering common-sense judgments about functional capacity based on medical findings, as long as the [ALJ] does not overstep the bounds of a lay person's competence and render a medical judgment." Gordils v. Sec'y of Health & Human Servs., 921 F.2d 327, 329 (1st Cir. 1990).

Here, the ALJ stated that she based her RFC determination on the opinion of Dr. Fairley, the medical records submitted after his evaluation, and the opinions of Dr. Bassett and Physician Assistant Evans, insofar as they were consistent with Dr. Fairley's opinion. AR 29-30. While Dr. Fairley did not evaluate Rice's full medical records, his opinion was supported by the evidence available to him when he conducted his review, and the subsequent medical evidence in the record contains evidence of the same conditions. See Chabot, 2014 DNH 067, *13. Therefore, I decline to reverse the decision of the ALJ on the basis of an improper evaluation of raw medical data.

2.    Treating Source

An ALJ cannot reject the opinion of a "treating source" unless she gives "good reasons" that are "both specific . . . and supportable." Jenness v. Colvin, 2015 DNH 167, *6 (citing Soto-Cedeno v. Astrue, 380 Fed.Appx. 1, 4 (1st Cir. 2010)). These "good reasons" are outlined in 20 C.F.R. § 404.1527(c) (for SSDI) and 20 C.F.R. § 416.927(c) (for SSI), which state that an ALJ may reject the opinion of a treating source if it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [or] inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2); see 20 C.F.R. § 416.927(c). Furthermore, "[w]hen a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physicians' reports to see if they outweigh the treating physician's report, not the other way around." Goatcher v. U.S. Dept. of Health & Hum. Servs., 52 F.3d 288, 290 (10th Cir. 1995) (quotations and citations omitted).

Dr. Bassett and Physician Assistant Evans were both "treating sources," entitling their opinions to special deference. See Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1035 (9th Cir. 2003). The ALJ rejected only the portions

11

of the opinions of Dr. Basset and Physician Assistant Evans that were not consistent with the opinion of Dr. Fairley and were not supported by the medical evidence in the record.  AR 30.  The medical records, Dr. Fairley's opinions, and Dr. Bassett's and Physician Assistant Evans' opinions all support a finding that Rice had significant knee, back, and shoulder problems, caused by osteoarthritis and exacerbated by obesity.  The opinions only differ as to how this finding affects Rice's RFC:  Dr. Fairley and the ALJ stated that she can sit for six hours, occasionally stoop and occasionally reach overhead, whereas Dr. Bassett and Physician Assistant Evans stated she could only sit for two hours a day, never stoop, and reach overhead only five percent of the time with her right arm and 20 percent of the time with her left.  The ALJ's adoption of Dr. Fairley's less restrictive RFC is supported by the subsequent medical records, which state that Rice reported an improvement in her symptoms with treatment, AR 27, 267, 615.  Therefore, the ALJ's RFC was supported by substantial evidence.

B.  **Subjective Pain Complaints**

Rice next argues that the ALJ erred by ignoring her subjective pain complaints.  Rice claims she reported that her ability to work is limited by significant pain and that the ALJ

12

formed her RFC without mentioning any of the "Avery factors" for evaluating pain.  Doc. 10-1 at 8.

The ALJ must consider the claimant's assertion of physical pain when considering the claimant's RFC.  20 C.F.R. § 404.1529. However, the ALJ is not required to accept the claimant's assertion of pain wholesale.  Shaw v. Sec'y of Health & Human Servs., 25 F.3d 1039, 1994 WL 251000, *2 (finding claimant's assertion of pain was unsupported by the other medical evidence).  When evaluating the claimant's assertions of pain, the ALJ must consider certain factors, known as the "Avery factors."  Avery v. Secretary of Health & Human Servs., 797 F.2d. 19, 29 (1st Cir. 1986) (when evaluating the level of disability brought on by a physical injury, the ALJ should consider, (i) the nature/location of the pain, (ii) the precipitating and aggravating factors, (iii) any medicine that the claimant is taking to combat the pain, (iv) any pain treatment other than medication, (v) any functional restrictions, and (vi) the claimant's daily activities).  The Avery factors require consideration of: the subjective symptoms of the claimant's pain, whether the claimant's daily activities are limited by the pain, whether there are factors that make the pain worse or better, whether the claimant is receiving

13

treatment for the pain, and whether the pain is consistent with the claimant's other objective medical evidence. 20 C.F.R. § 404.1529(c); see Avery, 797 F.2d. at 29.

Here, the ALJ did consider the Avery factors when determining how much weight to give to Rice's subjective pain complaints. The ALJ noted that, initially, Rice reported that her pain made it difficult to stand, walk, and lift even light objects. AR 26. But, her pain had improved with medical treatment, specifically cortisone injections. AR 27. By 2015, her physical therapist noted that her shoulder was improving and that she was exercising without pain or fatigue. AR 27; 267; 615. The ALJ also noted that the degree of pain that Rice reported was inconsistent with her objective medical records. AR 27 ("the intensity of [her] pain and degree of incapacity . . . are inconsistent with the medical evidence of record."). Therefore, the ALJ considered the relevant Avery factors, and her RFC determination is supported by substantial evidence.

## IV. CONCLUSION

For the aforementioned reasons, I grant the Acting Commissioner's motion to affirm, Doc. 11, and deny Rice's motion to reverse, Doc. 10. The clerk is directed to enter judgment

14

accordingly and close the case.

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge

July 25, 2018

cc:   Robert J. Rabuck, Esq.
      D. Lance Tillinghast, Esq.